# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **SANTIAGO ELIZALDE, JR., ET AL.** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:06cv117** |
| **BRAD LIVINGSTON, ET AL.** | § | |

## O R D E R

Came on for consideration, the Defendants motion to dismiss for failure to state a claim (docket entry #19). The Defendants argued that the case should be dismissed for failure to state a claim because the Plaintiff did not exhaust his administrative remedies. The Plaintiff, however, alleged in the complaint that he exhausted his administrative remedies, thus he has made allegations that are sufficient to avoid a motion to dismiss. The Defendants apparently are relying on information outside of the pleadings. When a motion to dismiss is based on materials outside the pleadings, this Court is required by Fed. R. Civ. P. 12(b) to treat the motion as one for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Rule 12(b) and 56(c), notice must be given that the motion to dismiss is being treated as a Rule 56 motion for summary judgment, and the parties must be given adequate opportunity to present material they deem pertinent. *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980). It is therefore

**ORDERED** that:

1. Defendants' motion to dismiss is construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56;

2. All materials the parties desire to submit in this matter should be filed with the Court within ten (10) days of receipt hereof.

The Plaintiff is placed on notice that the lawsuit may be dismissed if he fails to respond to the motion for summary judgment.

**SIGNED this 30th day of November, 2006.**

_Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE