IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SANTIAGO ELIZALDE, JR., ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 5:06cv117 |
| BRAD LIVINGSTON, ET AL. | § | |

**O R D E R**

The Defendants have filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (docket entry #19). In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). The Plaintiff asserted in the original complaint that he exhausted his administrative remedies with respect to his claims. The Court must accept a Plaintiff's allegations that he has exhausted his administrative remedies without proof. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

The Defendants made the following assertion in their motion to dismiss:

> Plaintiff failed to exhaust his administrative remedies, thus his suit ought to be dismissed. Regarding the claim the food is somehow the product of deliberate indifference to his serious medical needs, Plaintiff never filed a Step I that addressed this concern. Concerning the claim that the lockdowns violate his constitutional rights, Plaintiff failed to file a Step II. Plaintiff is obligated to exhaust his administrative remedies before he is allowed to file suit. Because Plaintiff failed to do so, this court should dismiss this suit with prejudice.

The grievance records referred to are not part of the record, thus the Court may not grant a motion to dismiss based on documents outside the pleadings. When a motion to dismiss is based on materials outside the pleadings, then it must be treated as a motion for summary judgment. *See, e.g., In re Dengel*, 340 F.3d 300, 312 (5th Cir. 2003). Moreover, the parties must be given an adequate

opportunity to present materials they deem pertinent. *Hickey v. Arkla Industries, Inc.,* 615 F.2d 239, 240 (5th Cir. 1980). On November 30, 2006, an order was issued giving the parties ten days to file pertinent materials. The parties, however, did not submit any documents supporting a motion for summary judgment. Consequently, the Defendants should be specifically directed to submit the pertinent grievance records they relied on in arguing the case should be dismissed for failure to exhaust. It is accordingly

**ORDERED** that the Defendants have until January 15, 2007, to submit the grievance records applicable to the Plaintiff's claims or, alternatively, a no records affidavit. The Defendants are placed on notice that sanctions may be imposed for failure to comply with this order.

**SIGNED this 28th day of December, 2006.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE